# CASES.

## HEGERMAN *against* HYSLOP.

Promissory notes, purchased after a voluntary assignment, made by an insolvent for the benefit of his creditors, cannot be set off in an action brought in the name of the insolvent by such assignees, although the notes were not due at the time of the purchase.

ASSUMPSIT.

Plea, the general issue, with notice of set-off.

In this case, it appeared in evidence that the plaintiff, being in insolvent circumstances, assigned all his property to certain assignees, for the general benefit of all his creditors; after which assignment, and with a full knowledge of it, and previous to the commencement of this action by the said assignees, the defendant, being indebted to the estate of the plaintiff, purchased in the market certain promissory notes made by the plaintiff, some of which were due, and others not due, at the time of the purchase. These notes the defendant attempted to set off in this action, which was opposed by the plaintiff.

KENT, C. J.  This set-off, under the circumstances of this case, cannot be allowed.  It would be a fraud on the general mass of creditors, for whose benefit this action is brought. It was so decided in *Johnson* v. *Bloodgood*, in this court, and has always been the settled law.  In that case, the assignment was, as it is here, a voluntary assignment; there, indeed, the notes had been purchased after they had become payable; here, some were due, and others not due, but I do not think that this makes any difference.(1)

(1) In *Johnson* v. *Bloodgood*, (1 Johns. Cases, 51,) it appeared that the note was purchased by the defendant at a discount, after it had become due, for the purpose of setting it off against the plaintiff's demand.  Radcliff, Kent, and Benson, J., were of opinion that the set-off could not be allowed.  Lewis, J., and Lansing, C. J., dissented.  The circumstance of the note being overdue when purchased, seems to have been an ingredient relied upon in the decision of the case, particularly by Radcliff, J., who, in speaking of this branch of the case, observed that, although a note might be still negotiated after it became due, it would then be subject to every equitable defence by the antecedent parties, and all other persons who might be affected by it. That case was decided, however, on the great principle, that courts of law will regard the assignment of choses in action, and protect the interest of the *cestui que trust* against every person having notice of the trust, or who is bound to take notice of it.  And, in this point of view, it seems unimportant whether it was or was not overdue.  *Vide etiam, Ogden et al.* v. *Cowley*, 2 Johns. Rep. 274.

In this case, the assignment was under the bankrupt law; and the court held, that the defendant, who was debtor to the bankrupt at the time of his bankruptcy, could not set off a check of the bankrupt which he had afterwards acquired: it would be, as Lord Kenyon says, (*Dickson* v. *Evans*, 6 Term, 57,) unjust, if one person, who happened to be indebted to another at the time of his bankruptcy, was permitted, by any intrigue between himself and a third person, so to change his situation as to diminish or totally destroy the debt due to the bankrupt, by an act *ex post facto ;* such an act would be a fraud on the equality of the Bankrupt Act.

The point involved in the case of *Johnson* v. *Bloodgood*, was argued with great ability by the dissentient judges, who thought the courts had gone far enough in protecting assignments of choses in action ; they were willing to go as far as the English courts had gone, in noticing equities and trusts, but

Hegerman v. Hyslop.

they were of opinion that they had not gone so far as to notice them to the prejudice of a perfect right vested in a third person.

This case, however, received the unanimous sanction of the court, many years afterwards, in *Anderson* v. *Van Alen*, (12 Johns. 343,) when the court said it was a well settled principle that courts of law will notice the assignments of a chose of action, and protect the interest of a *cestui que trust* against every person who has notice of the trust. And it seems also to be pretty well settled, that actual notice is not necessary. If a party acts in the face of facts and circumstances which were sufficient to put him upon inquiry, he acts contrary to good faith, and at his peril.